IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JO ANDREA BARNES | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-0226-CV-W-HFS |
| WYETH, INC., et al | ) |
| Defendants. | ) |

**ORDER**

Before the court is plaintiff's motion to remand.[1] Plaintiff states that there was no commencement of a civil action seeking monetary compensation for personal injuries, thus, there is no sum to establish the required jurisdictional amount. The petition was filed as an ancillary/administrative proceeding to preserve plaintiff's testimony pursuant to Mo.R.Civ.P. 57.02(a). The permitted time to respond to the instant motion has expired; however, recently, defendants filed a belated response.[2]

Background Facts

On February 18, 2009, plaintiff filed a Verified Petition for Perpetuation of Testimony in the

---

[1] On March 20, 2009, defendants removed the action to this court on the basis of subject matter jurisdiction, stating that there was complete diversity of citizenship between plaintiff and each defendant and that the amount in controversy exceeded $75,000, exclusive of interest and costs.

[2] Although defendants' response will be reviewed, counsel is cautioned that further late pleadings filed without leave of court may be stricken.

Circuit Court of Jackson County, Missouri. (Remand Motion: Exh. A, pg. 1-5). Attached to the Verified Petition was a Petition that set forth plaintiff's allegations. (Id: pg. 6-18). On March 20, 2009, defendants removed the action to this court, stating that pursuant to 28 U.S.C. 1332, jurisdiction was proper because there was complete diversity of citizenship between plaintiff and each defendant, and the amount in controversy exceeded $75,000, exclusive of interest and costs.

## Standard of Review

Removal

Title 28 U.S.C. § 1441(a) provides in pertinent part, that:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. Moubry v. Kreb, 58 F.Supp.2d 1041, 1044 (D.Minn. 1999).

## Discussion

Rule 57.02 provides in relevant part that "[a] person who desires to perpetuate testimony regarding any matter that may be cognizable in any court in Missouri may file a verified petition in the circuit court in the county of the residence of any expected adverse party." Spearman v. Western Missouri Mental Health Center, 108 S.W.3d 801, 803 (Mo.App. W.D. 2003).This rule is intended to "apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced." Id; quoting, In re Murphy & Co. Inc., 59 S.W.3d 39, 43 (Mo.App. E.D. 2001). Situations which have been found to support a finding that testimony may subsequently become unavailable include the advanced age of the witness, life-threatening injuries suffered by a witness, or a witness plans to leave the country. Spearman, at 803; In re Murphy, at 44.[3] Rule 57.02 is not

---

[3] Here, counsel states that at the time the Verified Petition was filed, plaintiff was gravely ill and had not yet filed a petition for damages or a personal injury claim; plaintiff subsequently

a method of discovery to determine whether a cause of action exists; the purpose of the rule is to preserve testimony that may not be available after a lawsuit is commenced. Id.; In re Murphy, at 43. This language makes clear that a Verified Petition for Perpetuation of Testimony is not, by any stretch of the imagination, the commencement of a lawsuit seeking substantive relief. Defendants fail to offer authority that such a proceeding is a "civil action" under the removal statute. Compare, Armistead v. C & M Transport, Inc., 49 F.3d 43 (1st Cir. 1995)[4]; In re Roymark Industries, Inc., 238 B.R. 295, (Bkrtcy. E.D. Pa. 1999). Here, Rule 57.02(a), by its caption, quite clearly provides the parameters for "Depositions **Before** Action or Pending Appeal."

Defendants state that plaintiff's counsel filed a Voluntary Dismissal of Petition for Perpetuation of Testimony in state court advising that plaintiff passed away on February 21, 2009. Defendants contend that the voluntary dismissal reflects that there is nothing left to this action, and it should be dismissed. Defendants are correct in that after removal to federal court, the state court loses jurisdiction until the federal court restores it. Turner v. Healthcare Services Group, Inc., 156 S.W.3d 431 (Mo.App. E.D. 2005). Even if the basis of removal to federal court is improper, the state court loses jurisdiction while the federal court determines the propriety of removal and until the federal court remands the case. Id. Thus, the Voluntary Dismissal of the Verified Petition filed by counsel in state court subsequent to the death of plaintiff had no legal effect. Nonetheless, and contrary to defendants' contention, the voluntary dismissal filed by plaintiff's counsel does not result

---

died in March of 2009. (Suggestions in Support of Remand: pg. 1).

[4] See also, Barrow v. Hunton, 99 U.S. 80, 82 (1879) (explaining that a supplementary action so connected with an original action as to form a mere incident or continuation of it is not removable as a separate suit). Fairly recent cases in which parties attempt to remove state supplementary proceedings are scarce, but the federal bar to entertaining "satellite elements" of pending state suits and judgments clearly remains intact as the "sensible" judicial rule. Armistead, 49 F.3d at 46.

in a finding that there is nothing left to the action thereby warranting dismissal, for, as previously noted, there was no initial action in the first instance.

In sum, removal of the Verified Petition was inappropriate, and remand to the state court is warranted. For, "[A]rticle III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." <u>Ali v. Cangemi</u>, 419 F.3d 722, 723 (8th Cir. 2005); <u>quoting</u>, <u>Haden v. Pelofsky</u>, 212 F.3d 466, 469 (8th Cir. 2000).

Accordingly, it is hereby

ORDERED that plaintiff's motion to remand (ECF doc. 3) is GRANTED. The above captioned case is REMANDED to the Circuit Court of Jackson County, Missouri at Independence within seven (7) days from the date of this order.

/s/ Howard F. Sachs<br>
HOWARD F. SACHS<br>
UNITED STATES DISTRICT JUDGE

June  2 , 2009

Kansas City, Missouri